IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LETICIA KELLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 1:15-CV-00725-WSD |
| CARECLOUD CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AGREEMENT AND GENERAL RELEASE

1. **Parties and Released Parties:**

This document sets forth the terms and conditions of the Agreement and General Release (hereinafter "Agreement") by and between Leticia Kelley (hereinafter "the Releasor") and CareCloud Corporation (hereinafter "CareCloud" or "the Company"). The term "Releasees" as used herein shall be defined as CareCloud and all of their corporate parents, subsidiaries, divisions and affiliates and current and former officers, directors, employees, shareholders, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

2. **End of Relationship:**

The Releasor acknowledges that Releasor's relationship with CareCloud ended in September, 2014 and was of no further force and effect. The Releasor agrees and covenants that the Releasor will neither apply for a position of employment with CareCloud nor apply for an independent contractor position with CareCloud.

3. **Payment and Consideration:**

A. CareCloud shall pay to the Releasor a total payment of $14,000.00 as a part of the resolution of this matter and execution of this Settlement Agreement. The settlement amount shall be paid by the Company in one check made payable to "Leticia Kelley" and shall be issued within ten (10) business days after the Court's notice of approval of the settlement of this matter (including this Agreement). CareCloud shall pay to the Releasor a total payment of $14,000.00 as a part of the resolution of this matter and execution of this Settlement Agreement. The settlement amount

shall be paid by the Company in one check made payable to "Leneta Kelley" and shall be issued within ten (10) business days after the Court's notice of approval of the settlement of this matter (including this Agreement) as liquidated damages and other consideration. No withholding or tax deductions will occur with regard to this payment. Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income. Provision of a W9 form is required to process the settlement payment.

    B.    Additionally, the Parties have separately negotiated and agreed that a reasonable attorney fee in this case for the Releasor's counsel is $8,110.58 and this amount shall be paid by the Company in a separate check made payable to "Kevin D. Fitzpatrick, Jr., Attorney" and to be reported on an IRS form 1099-Misc as box "three" other income; said payment shall be issued within ten (10) business days after the Court issues its notice of approval of the settlement of this matter (including this Agreement). Provision of a W9 is required to process the attorney fee payment.

    C.    The Parties acknowledge that the Releasor will promptly file the Joint Motion for Court Review and Approval of Settlement Agreement in the form attached to this Agreement as Exhibit A (hereinafter "Joint Motion"). The Releasor and her counsel acknowledge and agree that, in the event the Court denies the Parties' Joint Motion and the Parties cannot, thereafter, secure court approval of a mutually agreeable settlement agreement within forty-five (45) days of the Court's Order denying the Joint Motion, this Agreement shall be null and void.

4.    **Release Of Claims**:

    A.    For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand, whether known or unknown, which the Releasor ever had, now has or may or might in the future have against the Releasees from the beginning of the world to the effective date of this Agreement: (i) related to claims for unpaid wages or compensation under the Fair Labor Standards Act or misclassification as an independent contractor, including under 26 U.S.C. § 7434; and (ii) attorneys' fees, expenses or costs as may be allowed by law.

5.    **Covenant Not To Sue**:

    The Releasor further covenants and acknowledges that neither the Releasor, nor any person, organization or other entity acting on the Releasor's behalf has or will sue or cause or permit suit against the Releasees upon any claim released herein or to participate in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein. In the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Releasees against the Releasor for any conduct arising prior to the effective date of this Agreement, the Releasor further agrees and covenants to return

to CareCloud upon receipt any sums paid by or to the Releasor or collected on the Releasor's behalf.

6. **Knowing and Voluntary Waiver and Release:**

It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Releasor's claims. The Releasor also acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement.

7. **Acknowledgment**

A. The Releasor attests, certifies, represents, and warrants to CareCloud that the Releasor is legally competent to execute this Agreement and that the Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Releasor has or may have by reason of the claims released herein.

B. It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Releasor's claims.

C. The Releasor also acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which the Releasor otherwise has no legal entitlement.

D. As part of the consideration for the conditions of the settlement as set forth above, the Releasor expressly warrants and represents that: (a) the Releasor is legally competent to execute this Agreement; (b) the Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Releasor has or may have by reason of the incident described above or any matters arising out of or relating thereto; (c) there are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein, including no lien or right of reimbursement for any healthcare-related expenses relating to or in any way connected with the claims asserted in the above-styled civil action, including but not limited to liens or rights created by or pursuant to agreement; state or federal law; O.C.G.A. §§ 44-14-470, et seq. and 49-4-148, et seq.; Medicare/Medicaid; TRICARE; CHAMPVA; ERISA; or employee benefit plan; and (d) all healthcare-related, medical, dental, pharmacy, hospital, nursing home, physician practice, and provider of traumatic burn care medical practice charges and bills incurred for treatment of injuries relating to or in any way connected with the claims asserted in the above-styled civil action for which a compromise and settlement has been made have been fully paid.

8. **Right to Retain Advisor or Counsel:**

It is understood that the Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and is advised to consult with legal counsel prior to signing this Agreement. The Releasor also acknowledges that, before signing this Agreement, the Releasor has read and fully understands each paragraph thereof. The Any notice required to Releasor under this Agreement shall be satisfied by written or electronic notice to Releasor's Attorney – Kevin Fitzpatrick at Delong Caldwell Bridgers & Fitzpatrick.

9. **Entire Agreement:**

A. This Agreement constitutes the entire agreement between the Releasor and CareCloud pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Releasor and an authorized representative of CareCloud.

B. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

10. **Effective Date:**

The Releasor acknowledges that, upon execution of this Agreement by the Releasor and CareCloud, it will be effective, binding and irrevocable.

11. **Successors and Assigns:**

This Agreement shall be binding upon the Releasor and the Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

12. **Non-Admission:**

The Releasor acknowledges that the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

13. **Return of Property:**

The Releasor acknowledges and covenants that the Releasor will return all property of CareCloud that the Releasor has in Releasor's possession or control or in the possession or control of Releasor's counsel, including, but not limited to, records, files, lists, drawings,

documents, equipment, disks, charts, reports, video and audio tapes, by the effective date of this Agreement.

14. **Miscellaneous**:

A. The Releasor acknowledges that the Releasor has had reasonable and sufficient time to consider whether or not the Releasor desires to enter into this Agreement and any decision by the Releasor to execute this Agreement prior to that time is a knowing and voluntary decision. The Releasor acknowledges that, by signing this Agreement, the Releasor is giving up rights the Releasor has. The Releasor acknowledges that the Releasor does not have to sign this Agreement.

B. It is further agreed and understood that the Releasor will indemnify, defend and hold harmless the Releasees for all claims and damages, including attorneys' fees and costs, resulting from the Releasor's material breach of this Agreement.

C. The Releasor agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. The Releasor acknowledges that neither CareCloud nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement.

D. This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax or scanned signatures in lieu of original signatures are acceptable.

AGREED TO BY:

_/s/ Leticia E Kelley_  
Leticia Kelley

CFO  
CareCloud Corporation  
Company Representative

May 30, 2015  
Date

6/5/15  
Date